IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

                Plaintiff,                  OPINION AND ORDER

    v.

                                              10-cv-510-wmc

DYLAN RADTKE and JANEL NICKEL,

                Defendants.

Having directed a finding of liability in plaintiff's favor on most claims in this civil action, a jury trial is set to commence on February 16, 2016, on a First Amendment retaliation claim and on damages generally. In advance of the final pretrial conference scheduled for February 9, 2016, the court issues this opinion on plaintiff's motion for reconsideration of compensatory damages and the parties' motions *in limine*.

OPINION

**I.**    **Motion for Reconsideration**

In a prior opinion and order, the court directed judgment be entered in favor of plaintiff on two of his liability claims, the court described the available remedies in light of its partial ruling on liability. (9/18/15 Op. & Order (dkt. #110).) In particular, the court stated that "the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) requires a physical injury in order to pursue damages," and that "this is true even in the First Amendment context." (*Id*. at 9.) As support, the court cited to *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006), in which the Seventh Circuit reviewed a First

Amendment Retaliation claim and concluded that the inmate asserting the claim had failed to demonstrate physical injury sufficient to meet the requirements of § 1997e(e).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Carter seeks reconsideration of any order limiting his ability to pursue compensatory damages. While the court set the framework for considering his damages claim, the court nonetheless left the door open for a compensatory damages award, because Carter had not yet been required to submit evidence of any physical injury. The court also stated that at a minimum, Carter would be entitled to an award of nominal damages and the opportunity to pursue punitive damages.

Still, viewed in isolation, the court's stark statement in its prior opinion that § 1997e(e)'s physical injury requirement applies even in the First Amendment context could appear (and apparently did appear to defendant to be) contrary to other Seventh Circuit cases. In earlier Seventh Circuit cases also dealing with inmate First Amendment claims, that court has held a showing of physical injury is not necessarily always required to obtain compensation damages, rather only in cases where a prisoner is claiming damages for mental or emotional injury. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (citing *Robinson v. Page*, 170 F.3d 747 (7th Cir. 1999) ("Claims for other types of injury do not implicate [§ 1997e(e)].") Specifically, "[a] deprivation of First Amendment rights standing alone is a cognizable injury." *Id.* In *Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003), the Seventh Circuit reiterated that the physical injury requirement under § 1997e(e) does not "foreclose recovery, assuming the damages sought were not 'for' mental or emotional injuries suffered."

With this clarification, Carter must nevertheless articulate his theory or basis for an award of compensatory damages. As far as the court can discern, Carter's only theory -- teased from one of his cursory motions *in limine* -- is that he experienced pain and suffering "because of medical issues he has that he couldn't compel DOC to address because DOC employees were blocking his access to justice by throwing out his mail, rather than putting his mail to post as federal law requires." (Pl.'s MILs (dkt. #121) ¶ 3.) While the court is skeptical that Carter could demonstrate any causal link between defendants' blocking of certain mail and Carter's receipt of medical attention, or that the medical attention he sought would have eased his pain and suffering, the court will await a proffer on this theory. As for the motion for reconsideration, the court will grant the motion but only to clarify that § 1997e(e) does not foreclose compensatory damages for First Amendment claims absent proof of physical injury unless based on emotional or mental harm. Carter, however, must articulate the theory behind any request for compensatory damages.

II.  Plaintiff's Motions *in Limine*

In a cursory fashion, plaintiff filed four motions *in limine*, which the court will address in turn. *First*, as described above, Carter seeks an order allowing him to testify to pain and suffering he experienced because of the blocking of mail. (Pl.'s MILs (dkt. #121) ¶ 3.) The court will reserve on this motion pending a proffer by Carter that (1) there is a causal link between the content of the mail *and* his request for receipt of

medical treatment, and (2) the receipt of the requested medical treatment would actually assuage Carter's alleged pain and suffering.

*Second*, Carter seeks an order allowing him to cross-examine the Warden and Security Director. (*Id.* at ¶ 4.) As an initial issue, the court is perplexed by this motion. The Security Director Janel Nickel is a defendant in this case and the court has entered judgment against her on one of Carter's claims. It appears Carter (or his counsel) has failed to note that she is a defendant -- dropping her from the caption on his submitted papers. Carter's examination of Nickel may be relevant to a punitive damages award, and therefore, the court will grant Carter's motion in part. As for his interest in cross-examining the warden, the only reason articulated is that it is his "obligation to make sure DOC employees do not violate federal law as the Defendant in this case did." (*Id.*) Because Carter does not have a claim against the warden, the court sees no basis for this line of questioning. Absent receipt of a written submission setting forth some material reason for eliciting testimony from the warden on or before January 29, 2016, the court will deny this request.

*Third*, Carter seeks an order allowing him "to address whether he is guilty or innocent of the offense for which he is presently incarcerated in Wisconsin DOC." (*Id.* at ¶ 5.) Not only is Carter's guilt or innocence immaterial to the claims in this civil action, he is barred from challenging his conviction in this civil action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prohibiting a plaintiff from bringing claims for damages under § 1983 if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence"). This motion is, therefore, denied.

4

*Fourth*, Carter seeks an order permitting him to examine "Defendant" (presumably Radtke) "about how many other prisoners in Wisconsin that Defendant has abused in the way in which Defendant abused Carter, and that Defendant has abused in any other way; whether Defendant knows about any other abuses in Wisconsin DOC system; whether Defendant has ever had any kind of a tendency to hurt people or animals; whether Defendant is a relative of any DOC employer; and whether Defendant knows who in DOC made the decision to hire Defendant." (*Id.* at ¶ 6.) Plaintiff articulates *no* basis for posing these questions on relevance grounds to the remaining liability or damages, much less gross speculation given its potential to prejudice defendants unfairly. Without such an explanation in writing on or before January 28, 2016 -- and for most of the requested categories the court can perceive of none -- this motion is also denied.

## III. Defendants' Motions *in Limine*

Defendants also filed four motions *in limine*. *First*, defendants seek an order from the court "[e]xcluding any argument, questions, testimony or evidence regarding newspaper articles or lawsuit history of defendants or any other Department of Corrections employee." (Defs.' MILs (dkt. #122).) The court will grant this motion unless Carter can offer some relevance for such evidence or testimony on or before January 28, 2016.

*Second*, defendants seek an order: "[e]xcluding any argument, questions, testimony or evidence claiming that there was truth to the allegations in the letters. In conjunction

5

with this ruling, defendants move the court to provide the jury with an instruction that they are to assume the allegations in the letters are false." (*Id.*) While the court previously concluded that it was undisputed that the letters contained false information, this is different than a finding that *all* of the content was false. Instead of elaborating further, the court will, therefore, simply hold Carter to the prior undisputed record at summary judgment. As such, the court will grant in part and deny in part this motion.

*Third*, defendants seek an order setting compensatory damages to $1. The court will deny this motion as premature, at least pending a proffer from Carter on his theory or theories for any compensatory damages award, including describing a sufficient basis for the jury to find a causal link between the claimed damages and the First Amendment violation.

*Fourth*, defendants seek to exclude Carter "from referencing or discussing the segregation disposition of his conduct reports." (*Id.*) Defendants argue that neither of them had "personal involvement" in Carter's placement in segregation." (*Id.* at 4.) Radtke simply forwarded the letters to Sergeant Bass for investigation and Nickel only reviewed and classified the reports as major offenses. These actions, however, started the ball rolling on Carter's eventual segregation sentence. As such, the court will allow the jury to determine whether Carter's damages should extend to cover the disciplinary actions.

**IV. Remaining Claims and Jury Instructions**

The court typically circulates draft jury instructions before the final pretrial conference. There is, however, some uncertainty as to: (1) whether Carter seeks to pursue a First Amendment retaliation claim based on defendant Radtke's screening of Carter's mail; and (2) whether he seeks to pursue damages against defendant Nickel based on the court's prior order entering judgment in Carter's favor against both defendants for retaliating against Carter by subjecting him to disciplinary action for the content of his outgoing mail. (9/18/15 Op. & Order (dkt. #110) 1.) Neither plaintiff nor defendants submitted any proposed instructions on the liability question, although as indicated above, it appears Carter considers Radtke to be the sole defendant in this case. The court will, therefore, give plaintiff until January 22, 2016, to indicate the claims and defendant(s) he wishes to pursue at trial. Both sides then may have until February 1, 2016, to propose any additional instructions on liability.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for reconsideration (dkt. #113) is GRANTED IN PART AND DENIED IN PART as set forth above;

2) Plaintiff's motions *in limine* (dkt. #121) and defendants' motions *in limine* (dkt. #122) are GRANTED IN PART AND DENIED IN PART as set forth above.

3) Plaintiff may have until January 29, 2106, to file written proffers and responses as described above in the opinion.

4) Plaintiff may have until January 22, 2016, to inform the court as to which claims and defendant(s) he wishes to pursue at trial. Both parties then may have until February 1, 2016, to propose any additional jury instructions.

Entered this 12th day of January, 2016.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge