IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                Plaintiff,                OPINION AND ORDER

  v.

                                                   10-cv-510-wmc

DYLAN RADTKE and JANEL NICKEL,

                Defendants.

---

On January 12, 2016, the court issued a decision on the parties' motions *in limine*. (Dkt. #135.) As part of that decision, the court noted some uncertainty as to the remaining issues for trial based on the parties' pre-trial submissions. Accordingly, it directed plaintiff to "indicate the claims and defendant(s) he wishes to pursue at trial." (*Id.* at 7.)

In response, plaintiff submitted a notice regarding his trial claims in which he stated:

> Plaintiff seeks to advance claims at trial against Radtke and Nickel for all claims preserved in this suit, including a first amendment retaliation claim against Radtke for censoring Carter's mail and the claims against both Radtke and Nickel for retaliating against Carter by subjecting him to disciplinary action for his use of mails and/or for the protected content of his outgoing mail.

(Pl.'s Notice (dkt. #137).) While this response confirmed that Carter is pursuing claims for damages against defendant Nickel, as already contemplated by the court's earlier decisions, his response did not clarify, at least not sufficiently for the court, whether he sought to pursue a liability claim for retaliation based on defendant Radtke subjecting Carter's mail to special screening. Critically, the court did *not* enter judgment in Carter's

favor on this claim in its prior Rule 56(f) decision.  (*See* 9/18/15 Op. & Order (dkt. #110) 1-2 ("The court will decline to enter judgment in Carter's favor on his separate First Amendment retaliation claim based on defendant Radtke's screening of Carter's mail, finding that Radtke has identified a genuine issue of material fact as to whether he was motivated by Carter's earlier complaint of mail tampering or was simply attempting to investigate Carter's claim in good faith.").)

While Carter indicated in his January 20th Notice that he wanted to pursue "all claims preserved in this suit," he then said nothing specifically about the retaliation claims based on subjecting Carter's mail to special screening.  Perhaps this was because Carter realizes the less substantial nature of these claims and does not wish to risk the impact of his remaining damage claims, but perhaps not, which was why the court sought clarification in the first place.

Similarly, the court was hopeful that Carter might further clarify his positon in his submission of additional jury instructions, which were due February 1st.  In those instructions, however, Carter simply seeks to instruct the jury that the court has found retaliation.  Without clarification, this statement is also confusing.  The court entered judgment in Carter's favor based only on his claim that both defendants issued Carter conduct reports in retaliation for the protected content of his outgoing mail.  Accordingly, unless Carter can offer substantial cause for his *not* providing any instructions for the jury on the retaliation claim based on Radtke's alleged special screening of Carter's mail no later than noon on Monday, February 8, 2016, the court

will deem this claim waived, and the trial in this matter will simply concern damages with respect to the two claims for which the court did enter judgment in Carter's favor.

The January 12th order also identified several areas for plaintiff to submit written proffers on or before January 29, 2016. (1/12/16 Op. & Order (dkt. #135).) In particular, the court provided Carter with an opportunity to submit proffers on (1) his theory of compensatory damages based on denial of medical treatment; (2) some material reason for eliciting testimony from Warden Michael Meisner; (3) the basis for posing questions to Radtke on prisoner abuse; and (4) the basis for submitting any evidence concerning newspaper articles or lawsuit history of defendants or other DOC employees. (*Id.* at pp.3-5.) In response, plaintiff submitted a proffer on punitive damages (dkt. #139), a topic not actually identified in the court's prior order. From this, again absent a showing of good cause on or before noon on Monday, February 8, 2016, the court will deem Carter to be seeking punitive damages only from the jury at trial and to have waived any right to compensatory damages.[1] Moreover, the court also finds that he has waived calling Michael Meisner as a witness, questioning Radtke about prisoner abuse, and submitting evidence about newspaper articles or the lawsuit history of defendants or other DOC employees.[2]

---

[1] Without regard to any punitive damages award, the court will, of course, enter an award to Carter for nominal damages in the amount of $1 and will also consider whether injunctive relief is warranted in the form of expungement of the conduct reports concerning the outgoing mail at issue or some other equitable remedy.

[2] Most of these actions, if not all, would not be allowed even without Carter's consent, so the purpose of this order is simply to clarify what, if anything, remains to be addressed at the February 9th final pretrial conference.

Defendants also submitted a response to plaintiff's proffer regarding punitive damages, arguing that plaintiff's contention that he served hundreds of days in solitary confinement as a result of the letters is flawed, since this is not how the prison disciplinary system works. In particular, defendants contend that Carter would have served all but one month of his segregation sentence in the absence of the challenged conduct reports. (Defs.' Resp. (dkt. #141) pp.2, 4.) Based on this, defendants further contend that testimony concerning the disciplinary hearing should be excluded under Rule 403 as unduly prejudicial.

While plaintiff may present his punitive damages case based, in part, on his being placed in segregation, the court will allow defendants (1) to present evidence on the amount of time Carter served in segregation because of the outgoing mail conduct reports; and (2) to argue before the jury that they should only consider one month of his disciplinary sentence in deciding the amount of punitive damages to award, if any. For the reasons already explained, Radtke and Nickel played a central role in initiating this disciplinary proceeding. As such, the jury may consider it and the resulting sentence in its punitive damages determination.

The court also notes that it appears that plaintiff has yet to provide his list of exhibits to be offered at trial. Plaintiff will be barred from offering an exhibit as evidence at trial unless on an exhibit list provided no later than noon on Monday, February 8, 2016.

Finally, the court will circulate its proposed orientation remarks and *voir dire*, introductory, closing and deliberations instructions and verdict form to the parties in a separate email. As described below, edits to those drafts are due by Monday.

ORDER

IT IS ORDERED that:

1) no later than noon on Monday, February 8, 2016, plaintiff shall file and serve electronically the following or be barred as set forth in the opinion above:

    a) substantial cause for his *not* providing any instructions for the jury on the retaliation claim based on Radtke's alleged special screening of Carter's mail;

    b) good cause for not providing proffers on (1) his theory of compensatory damages based on denial of medical treatment; (2) some material reason for eliciting testimony from Warden Michael Meisner; (3) the basis for posing questions to Radtke on prisoner abuse; and (4) the basis for submitting any evidence concerning newspaper articles or lawsuit history of defendants or other DOC employees; and

    c) plaintiff's exhibit list.

2) by Monday, February 8, 2016, the parties shall submit any proposed edits in red-lined track changes to the court's draft jury instructions.

Entered this 5th day of February, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge