IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

       Plaintiff,        ORDER

 v.

                      10-cv-510-wmc

DYLON RADTKE and JANEL NICKEL,

       Defendants.

---

  At the final pretrial conference in this case, defendants maintained and raised objections to this court's proposed jury instructions. In light of defendants' arguments and their subsequent submission proposing additional language for the introductory instructions (dkt. #149), the court issues the following opinion setting forth its reasons for overruling certain objections

  *First*, defendants renewed their objection to the court's prior order allowing testimony and argument about plaintiff Jackie Carter's time in segregation in support of his claim for punitive damages. As the court explained in prior opinions, both defendants were sufficiently involved in the disciplinary proceedings that resulted in a segregation sentence to allow the jury to consider the sentence as part of their punitive damages determination. (10/30/14 Op. & Order (dkt. #93) 38-39; 9/18/15 Op. & Order (dkt. #110) 7-8; 1/12/16 Op. & Order (dkt. #134) 6; 2/5/16 Op. & Order (dkt. #143) 3.0 In particular, Dylon Radtke forwarded the letters underlying the conduct reports at issue in this case to Sergeant Bass, thus initiating the disciplinary proceedings, and defendant Janel Nickel screened those reports and classified the conduct. The court appreciates that Carter would have spent time in segregation anyway (though probably not as much

time) and that other individuals were involved in adjudicating and sentencing Carter -- and defendants may present evidence to that effect and make this argument[1] -- but the court continues to view Carter's ultimate segregation is arguably relevant to determining "the reprehensibility of defendants' actions," and "the impact of defendants' conduct on plaintiff" and "the relationship of any award of punitive damages to the amount of actual harm the defendant suffered."

In addition to reiterating their prior objection, defendants directed the court to a recent Judge Crabb opinion, which they contend supports their argument for excluding Carter's time in segregation from the jury's deliberation. *Ajala v. Swiekatowski*, No. 13-cv-638-bbc (W.D. Wis. Aug. 19, 2015). Having now reviewed the opinion, the court can discern little relevance to plaintiff's *punitive damages* claim here. In *Ajala*, Judge Crabb excluded testimony and evidence about plaintiff's mental and emotional injuries caused by solitary confinement to support a compensatory damages award on the basis that plaintiff could prove no causal "physical injury," except one not reasonably foreseeable. *Id.*, slip op. at 7-8. This is the same concern that this court voiced in required plaintiff to submit a proffer on his theory of compensatory damages based on pain and suffering caused by a denial of medical treatment. Here, however, plaintiff is no longer seeking compensatory damages based on his segregation sentence.[2] Indeed, as the court

---

[1] Of course, defendants are *not* free to present testimony or evidence challenging the court's finding of liability in favor of plaintiff and against defendants, including finding that their respective actions satisfied the personal involvement requirement under 42 U.S.C. § 1983.

[2] Given plaintiff's failure to proffer evidence of "physical harm," despite being given an opportunity to do so, he may describe the length and nature of his solitary confinement that is reasonably attributable to his conduct here, but may not allude to "pain and suffering" or other

2

previously explained, he *cannot* seek such damages absent a showing of physical injury. (*See* 1/12/16 Op. & Order (dkt. #135) 2.) Still, the fact of his confinement (to the extent reasonably attributable to the defendants' finding and review of a misconduct for plaintiff's activity) *is* material to the factors the jury should consider in determining whether to award punitive damages and, if so, the amount.[3]

*Second*, defendants pressed for changes to the portion of the introductory instructions that seeks to explain to the jury the court's finding of liability on two claims. In particular, defendants seek an instruction the fact that statements in the censored letters were false and that the First Amendment does not normally provide protection for defamatory statements. (*See* Defs.' Resp. to Proposed Jury Instructions and Special Verdict (dkt. #145) 2; *id.*, Ex. 2 (dkt. #145-2) 1.) In the proposed instructions, the current description of the law surrounding the court's liability finding explains that in the outgoing mail setting, the First Amendment protects content that is "inflammatory political, racial, religious or other views or is defamatory." The instructions also explain that such content would not necessarily be protected if it were contained in incoming mail or other speech internal to the prison context.

The court continues to view these statements to be an accurate and sufficient description of the current law. To focus instead on the fact that at least some of the statements in the protected letter were false would unnecessarily and improperly stress a

---

specific injuries he would attribute to this confinement.

[3] For clarification purposes, the court also found that the relevant conduct reports "were issued because of his lying about staff in at least one of his outgoing letters." (9/18/15 Op. & Order (dkt. #110) 8.)

factor that was *not* relevant to the court's finding of liability. Of course, as the court emphasized during the final pretrial conference, defendants remain free to rely on the fact that the letters contained false statements to explain why punitive damages should not be awarded, but the court need not stress this fact in describing the liability finding.

In response to the court's invitation, defendants submitted further revised language to add to the introductory instructions. (Dkt. #149.) This language is more measured and tracks more closely the findings on liability, which the court has modified and adopted as reflected in the attached highlighting.

Entered this 16th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge