IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

                            Plaintiff,                    OPINION AND ORDER

        v.                                               10-cv-510-wmc

DYLON RADTKE and JANEL NICKEL,

                            Defendants.

After this court's grant of partial summary judgment in favor of plaintiff Jackie Carter on his First Amendment claims, a jury awarded $50 in punitive damages against defendant Dylon Radtke and $100 in punitive damages against defendant Janel Nickel. (Dkt. #156.)  The court entered judgment accordingly, along with a $1.00 award in nominal, compensatory damages.  (Dkt. #162.)  Before the court are three post-judgment motions: (1) defendants' motion for judgment as a matter of law (dkt. #167); (2) plaintiff's motion to alter or amend the judgment to include an order for injunctive relief (dkt. #165); and (3) plaintiff's motion for attorney's fees (dkt. #159).  For the reasons that follow, the court will deny defendants' motion for judgment as a matter of law and plaintiff's motion to alter or amend the judgment to include an order for injunctive relief.  The court, however, will award plaintiff attorney's fees as the prevailing party of a 42 U.S.C. § 1983 lawsuit.  In light of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(2), however, the award is limited to 150% of the jury award, which is $226.50.

BACKGROUND

At summary judgment, the court found:  (1) defendant Dylan Radtke liable for censoring plaintiff Carter's outgoing mail in violation of his First Amendment rights; and (2) defendants Radtke and Janel Nickel liable for retaliation against Carter by pursuing disciplinary actions based on the content of his outgoing mail.  (9/18/15 Op. & Order (dkt. #110); *see also* 10/30/14 Op. & Order (dkt. #93).)[1]

At trial, the court found no basis for awarding compensatory damages under 42 U.S.C. § 1997(e), and, therefore, awarded Carter $1 in nominal damages.  Similarly, after considering the sole, remaining question of whether to award punitive damages, the jury awarded plaintiff $50 in punitive damages against defendant Radtke and $100 against defendant Nickel.  (Dkt. #156.)

OPINION

## I.  Defendant's Motion for Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50, judgment as a matter of law may be granted where there is no "legally sufficient evidentiary basis" to find for the party on that issue.  Fed. R. Civ. P. 50(a).  In considering a Rule 50 motion, the court is to "examine the evidence presented, combined with any reasonably drawn inferences, and determine whether that evidence sufficiently supports the verdict when viewed in the light most favorable to the non-moving party," here, plaintiff.  *E.E.O.C. v. AutoZone, Inc.*,

---

[1] A detailed recitation of the material undisputed and disputed facts can be found in the court's summary judgment decision.  (Dkt. #110.)  While the court declined to enter partial summary judgment on a separate First Amendment retaliation claim against Radtke for screening Carter's mail, plaintiff ultimately chose not to develop and pursue that claim at trial.

707 F.3d 824, 835 (7th Cir. 2013).   The court does not make credibility determinations or weigh the evidence, though the court must assure that more than "a mere scintilla of evidence" supports the verdict.   *Hossack v. Floor Covering Assocs. of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007).   The court "reverse[s] the verdict only if no rational jury could have found for the prevailing party."   *AutoZone, Inc.*, 707 F.3d at 835.

Defendants contend that judgment as a matter of law is warranted because no reasonable jury could find on the evidence presented at trial that defendants "knew that what [they were] doing was wrongful and subject to punishment."   (Defs.' Mot. (dkt. #167) 2 (quoting *Soderbeck v. Burnett Cty., Wis.*, 752 F.2d 285, 291 (7th Cir. 1985)).) Specifically, defendant Radtke believed that his action of censoring of Carter's letters, and both defendants believed that their actions in subjecting Carter to disciplinary actions based on the letter's content, were consistent with the administrative code.

Consistent with the Seventh Circuit pattern instructions, the jury was instructed that plaintiff must prove by a preponderance of the evidence that each respective defendant acted in "reckless disregard" of his First Amendment rights.   (Closing Instructions (dkt. #154) 3.)   Defendants did not object to this instruction.   While defendants testified that they believed their actions were appropriate under the First Amendment, the jury rejected this testimony, at least in part, in finding that they acted in reckless disregard of Carter's rights.   It is not the court's role to make creditability determinations, and on the trial record, the court cannot conclude that the jury was

3

"irrational" in reaching its conclusion.  *May*, 692 F.3d at 742.  Accordingly, the court will deny defendants' motion.[2]

## II. Plaintiff's Request for Injunctive Relief

In an order directing the clerk of court to enter judgment, the court noted that while previously indicating a willingness "to consider ordering equitable relief," the "plaintiff, to date, has made no such request."  (2/23/16 Order (dkt. #161) 1.)   In response, plaintiff filed a "motion to alter or amend the judgment," explaining that he failed to request injunctive relief because he did not think it was necessary.  Plaintiff also makes a half-hearted request to enter this relief now, stating that:  (1) the court's findings at summary judgment and the jury verdict "support an injunction"; and (2) "enter[ing] an injunction against Defendants would not prejudice Defendants in any way at all, but would simply require them to follow the law and the Constitution."  (Pl.'s Mot. (dkt. #165) 2.)

The court agrees with defendant that plaintiff failed to provide a reason that would satisfy the requirement of Rule 59(e) for not moving for injunctive relief *before* the judgment was entered.  *See Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (explaining that Rule 59(e) does not "provide a vehicle for a party to undo its own procedural failures"); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999) (Rule 59(e) "does not allow a party to introduce new evidence or

---

[2] In their motions, defendants also challenge the court's prior conclusion that the content of Carter's outgoing mail constituted protected speech.  The court has already addressed this issue extensively, and defendants have advanced no reason to address it further.  (*See* 10/13/14 Op. & Order (dkt. #93) 29-34; 9/18/15 Op. & Order (dkt. #110) 6-7).)

advance arguments that could or should have been presented to the district court prior to the judgment.") (quotation marks and citation omitted).  Even now, plaintiff fails to provide *any* detail as to what the injunction would *or* should prohibit, or which individuals it would involve, especially given Nickel's retirement and Radtke's transfer to another facility.  Accordingly, the court will deny plaintiff's motion.

### III. Plaintiff's Motion for Attorney's Fees

Finally, plaintiff, as the prevailing party seeks an award of attorney's fees in the amount of $58,014.60.  (Dkt. #159.)  "Section 1988(b) allows prevailing parties in § 1983 litigation to recover 'a reasonable attorney's fee.'"  *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).  Plaintiff's counsel provides itemized timesheets in support of the request, and represents, albeit with very limited explanation or support, that his hourly rate is $399.  (Galloway Decl. (dkt. #159-1); Corrected itemization (dkt. #160).)

While defendants question the reasonableness of counsel's rate and certain hours they attribute to other, unsuccessful Carter cases, the court agrees that a substantial award is due both to adequately compensate plaintiff's counsel *and* to incentivize others to take on these difficult cases.

In response to the motion, however, defendants also correctly point out that the PLRA, 42 U.S.C. § 1997e(d)(2), "limit[s] attorney's fees in cases where prisoners obtain monetary relief to 150% of the damages award."  *Pearson v. Welborn*, 471 F.3d 732, 742 (7th Cir. 2006).  Accordingly, the court will award plaintiff fees in the maximum amount of $226.50.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for attorney fees (dkt. #159) is GRANTED IN PART AND DENIED IN PART.  The motion for fees is granted, but the award is limited to $226.50.

2) Plaintiff's motion to alter or amend judgment (dkt. #165) is DENIED.

3) Defendants' motion for judgment as a matter of law as to punitive damages (dkt. #167) is DENIED.

4) The clerk of court is directed to enter an amended judgment, adding the award of $226.50 in attorneys' fees, of which $75.00 is due solely from defendant Radtke, $150.00 is due solely from defendant Nickel, and the remainder $1.50 is due jointly and severally from both defendants.

Entered this 20th day of March, 2017.

BY THE COURT:


/s/

_____
WILLIAM M. CONLEY
District Judge